# Offit|Kurman®

## Attorneys At Law

Trust. Knowledge. Confidence.

**Dani Schwartz**
**Principal**
**929.476.0025**
**dani.schwartz@offitkurman.com**

August 14, 2025

**Via ECF**
Honorable Lewis A. Kaplan, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/25

     **Re:**   *In re 491 Bergen St. Corporation, et al.*
            **Case No. 25-10091-dsj (Jointly Administered)**
            *Estate of Frank Sofia v. 139-141 Franklin St Realty Corp.*
            **Civil Case No. 1:25-cv-04387-LAK**

Dear Judge Kaplan:

      The undersigned law firm represents the appellee Estate of Frank Sofia (the "Frank Estate") in the above-referenced matters. We respectfully request that the Court strike from the record, and decline to consider, the Declaration of Amy Sofia, dated August 5, 2025 (the "Reply Declaration," ECF No. 25), which the Franklin Debtor submitted in further support of its motion to vacate the Interim Stay Order (the "Motion").

      The Reply Declaration itself states that its purpose is to provide the appellee's version of "context" and "history," rather than to provide facts or evidence relevant to the Motion. *See* Reply Declaration ¶ 52 (ECF No. 25 at 11). In the event, the Reply Declaration appears calculated to smear the Frank Estate by placing twelve pages of false, defamatory, and irrelevant assertions – all of them unsubstantiated – before the Court. In fact, the Reply Declaration has no relevance to the relatively narrow issues presented on the Motion, which concern only whether the underlying State Supreme Court judgment has been satisfied in full and whether there is a basis to continue the stay previously ordered by this Court. Moreover, the Reply Declaration improperly attempts to introduce new allegations and material for the first time on reply. But "[t]his Court, as a general matter, does not consider issues raised in a reply brief for the first time, let alone an attorney declaration in support of that reply brief." *Keawsri v. Ramen-Ya Inc.*, 2022 WL 3152572, at *5 n.8 (S.D.N.Y. Aug. 8, 2022) (citation omitted). And "[t]he Court is particularly loath to consider such a document where, as here, the information contained in the Declaration was available to [the movant] at the time it filed its motion." *Cordero v. Polar Electro Inc.*, 2023 WL 5390246, at *3 n.3 (S.D.N.Y. Aug. 21, 2023) (citation omitted).

      The undisputed exhibits submitted by the Frank Estate in opposition to the Motion demonstrate that the relevant communications concerning payment of the judgment were made by counsel only, and the Reply Declarant was not copied on any of these communications. *See* ECF



**Offit** | **Kurman**®

Attorneys At Law

Trust. Knowledge. Confidence.                                      Page 2

No. 22-5, 22-9, 22-11, 22-12, 22-13, 22-14, and 22-15. Therefore, the Reply Declaration is of no evidentiary value with respect to those communications.

On August 7, 2025, we contacted the appellee's counsel in a good faith effort to secure the withdrawal of the improper Reply Declaration without the need for judicial intervention, but counsel declined the request. Thus, we respectfully request that the Court strike or decline to consider the Reply Declaration. We thank the Court for its attention to this matter.

Respectfully submitted,

Dani Schwartz

cc:    **Via ECF**
       All counsel of record

4914-1610-6590, v. 1

Motion denied.   Appellee may filed a surreply by no later than August 28, 2025.

SO ORDERED

LEWIS A. KAPLAN, USDJ        08/21/25